IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALDINE WILLIAMS,

    Plaintiff,

v.                                                        CIV 12-0716 MCA/LAM

MALCOLM CURTIS, EL PASO NATURAL
GAS CO., INC., and STEELCASE, INC.,

    Defendants.

## ORDER DENYING WITHOUT PREJUDICE MOTION TO COMPEL

**THIS MATTER** is before the Court on Defendant Steelcase Inc.'s *Motion to Compel Production of Documents and Request for Attorney's Costs and Fees (Doc. 25)*, filed October 25, 2012. Plaintiff filed a response to the motion on October 26, 2012, stating that she concurs and joins in the motion. [*Doc. 26*]. Having considered the motion, response, relevant law, and the record of the case, the Court **FINDS** that the motion is not well-taken and shall be **DENIED without prejudice.**

Defendant Steelcase Inc. states that it served a subpoena on Gallup Indian Medical Center (hereinafter "GIMC") requesting an inspection of a chair that was used by Plaintiff at the time of her alleged accident, as well as documents related to the chair and any reports pertaining to Plaintiff's alleged injuries. [*Doc. 25* at 1-2]. Defendant Steelcase Inc. states that GIMC did not object to the subpoena, but, on the date stated in the subpoena for the inspection, GIMC failed to have any representative appear and the chair and documents were not provided for inspection. *Id.* at 2. Defendant Steelcase Inc. asks the Court to compel GIMC to produce the chair and documents, and to hold GIMC in contempt for its failure to comply with the subpoena. *Id.* at 1 and 3-4. In the

title of its motion, Defendant Steelcase Inc. states that it is requesting attorney's fees and costs. *Id.* at 1.

The Court finds that this motion does not comply with the Federal Rules of Civil Procedure because it is not clear from the motion or the record of the case whether GIMC received notice of the motion. Federal Rule of Civil Procedure 45(e) provides that the Court issuing the subpoena may hold in contempt a person who "fails without adequate excuse to obey the subpoena." This rule presupposes that, under the most basic tenets of due process, the party upon whom the subpoena was served be given notice and an opportunity to be heard in opposition to any sanctions requested. *See U.S. Sec. and Exch. Comm'n v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (vacating contempt order where district court did not provide nonparty with notice it would be considering the merits of the contempt issue, because "[d]ue process requires that a person facing contempt sanctions be given adequate notice and fair opportunity to be heard in civil contempt proceedings") (citation omitted), and C. A. Wright, A. R. Miller, M. K. Kane & R. L. Marcus, *9A Federal Practice and Procedure Civ.* § 2465 (3d ed.) (2012) ("[D]ue process does require that any civil contemnor be given certain basic procedural protections before being subject to any sanction: adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner."). The certificate of service for Defendant Steelcase Inc.'s motion to compel states that the motion was sent to all counsel of record (*Doc. 25* at 5), however, GIMC is not a party to this case, so it did not receive notice of the motion through the Court's CM-ECF system. Since it is unclear whether Defendant Steelcase Inc. served GIMC with this motion to compel and for sanctions, the Court will deny this motion without prejudice. If Defendant Steelcase Inc. re-files the motion, it must serve GIMC with a copy of the motion to compel and provide proof of service to the Court.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Defendant Steelcase Inc.'s *Motion to Compel Production of Documents and Request for Attorney's Costs and Fees (Doc. 25)* is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, if Steelcase Inc. chooses to re-file this motion, it shall serve a copy of the motion on GIMC and provide proof of service to the Court.

**IT IS SO ORDERED.**

                                             *Lourdes A. Martínez*
                                             **LOURDES A. MARTÍNEZ**
                                             **UNITED STATES MAGISTRATE JUDGE**