# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**GERALDINE WILLIAMS,**

      **Plaintiff,**

**v.**                                         **CIV 12-0716 MCA/LAM**

**MALCOLM CURTIS and**
**EL PASO NATURAL GAS CO., INC.,**

      **Defendants.**

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXPEDITED ORDER TO SHOW CAUSE AND TO ENFORCE SUBPOENA AGAINST NON-PARTY

**THIS MATTER** is before the Court on Defendant El Paso Natural Gas Co., Inc.'s (hereinafter "Defendant EPNG") ***Motion for Expedited Order to Show Cause and to Enforce Subpoena Against Non-Party Gallup Indian Medical Health Center*** *(Doc. 125),* filed September 13, 2013. Defendant EPNG states that Plaintiff and Defendant Malcolm Curtis concur with the motion.[1] Having considered the motion, record of the case, and relevant law, the Court **FINDS** that the motion should be **GRANTED in part** and **DENIED in part without prejudice**, as set forth below.

      In Defendant EPNG's motion, it states that, on February 11, 2013, it served non-party Gallup Indian Medical Center (hereinafter "GIMC") with a Subpoena for Documents and authorization for release of information by Plaintiff. [*Doc. 125* at 1 and 4-9]. Defendant EPNG states that GIMC was required to respond to the subpoena no later than February 26, 2013, however, to date, GIMC has not responded to the subpoena. *Id.* at 1. Defendant EPNG sent a letter to GIMC

---

[1]The Court denied Defendant EPNG's first motion for an expedited order to show cause and to enforce subpoena (*Doc. 123*) because it failed to state whether Defendant EPNG sought the concurrence of the parties, in violation of D. N.M. LR-Civ. 7.1(a). *See* [*Doc. 124*].

on August 7, 2013 reminding GIMC of the subpoena and stating that if Defendant EPNG did not receive a response from GIMC by August 21, 2013, Defendant EPNG "may request appropriate relief from the United States District Court." *Id.* at 12.  In the motion presently before the Court, Defendant EPNG asks the Court to compel GIMC to respond to the subpoena and, additionally, to hold GIMC in contempt for its failure to comply with the subpoena, pursuant to Fed. R. Civ. P. 45(e).  *Id.* at 2-3.[2]

Fed. R. Civ. P. 45(c)(2)(B) provides that a person commanded to produce documents may serve on the party or attorney designated in the subpoena written objection to producing the documents **within fourteen (14) days** after the subpoena is served.  Since GIMC failed to object to the subpoena, it appears that it has waived any objections that it may have to the subpoena.  Pursuant to Fed. R. Civ. P. 45(e), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."  However, the commentary to the 1991 Amendment to Rule 45(e) explains that, "because the command of the subpoena is not in fact one uttered by a judicial officer, contempt should be very sparingly applied when the non-party witness has been overborne by a party or attorney."  The Court, therefore, prior to entertaining a motion for contempt under Rule 45(e), will allow GIMC an opportunity to either comply with the subpoena or provide an excuse for its noncompliance.  *See U.S. Sec. and Exch. Comm'n v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010) (vacating contempt order where district court did not provide non-party with notice it would be considering the merits of the contempt issue, explaining that "[a]s a general matter, . . . the more prudent practice for the court is to issue [an order compelling compliance with the

---

[2]The Court does not appreciate Defendant EPNG waiting more than <u>six months</u> after GIMC's response to the subpoena was due to file a motion for an <u>expedited</u> order.  This is not good practice by counsel and forces the Court to rearrange its schedule to consider a motion for an expedited order that could have been filed months earlier.

subpoena] before entertaining a motion for contempt") (citation omitted); *see also* C. A. Wright et al., *9A Federal Practice and Procedure Civ.* § 2465 (3d ed.) (2013) ("The district judge normally will preface a contempt citation with an order directing either compliance with the subpoena or a showing of an excuse for the noncompliance. Moreover, due process does require that any civil contemnor be given certain basic procedural protections before being subject to any sanction; adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner.").

**IT IS THEREFORE ORDERED** that Defendant El Paso Natural Gas Co., Inc.'s *Motion for Expedited Order to Show Cause and to Enforce Subpoena Against Non-Party Gallup Indian Medical Health Center (Doc. 125)* is **GRANTED in part** and Gallup Indian Medical Center shall, no later than **Friday, September 27, 2013**, either comply with the subpoena or provide an excuse for its noncompliance.

**IT IS FURTHER ORDERED** that the motion is **DENIED in part without prejudice** to the extent Defendant El Paso Natural Gas Co., Inc. is asking for the Court to hold Gallup Indian Medical Center in contempt at this time. *If Gallup Indian Medical Center fails to comply with this Order by September 27, 2013, Defendant El Paso Natural Gas Co., Inc. can then move for sanctions against Gallup Indian Medical Center, including a request that Gallup Indian Medical Center be held in contempt*.

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this Order to Gallup Indian Medical Center at: P.O. Box 1337, Gallup, N.M. 87305.

**IT IS SO ORDERED.**

                                                                      */s/ Lourdes A. Martínez*
                                            **LOURDES A. MARTÍNEZ**
                                            **UNITED STATES MAGISTRATE JUDGE**