IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GERALDINE WILLIAMS,**

      **Plaintiff,**

**v.**                                                                 **CIV 12-0716 MCA/LAM**

**MALCOLM CURTIS and**
**EL PASO NATURAL GAS CO., INC.,**

      **Defendants.**

## ORDER DENYING MOTION TO COMPEL PARTICIPATION IN MEDIATION OR FOR SANCTIONS

**THIS MATTER** is before the Court on Plaintiff's *Motion to Compel Participation in Mediation by, or Alternatively, for Sanctions Against Defendant Malcolm Curtis (Doc. 160)*, filed December 9, 2013. On December 17, 2013, Defendant Malcolm Curtis filed a response to the motion (*Doc. 172*) and, on January 6, 2014, Defendant El Paso Natural Gas Co., Inc. (hereinafter "Defendant EPNG") also filed a response to the motion (*Doc. 180*). Because no reply to the motion was filed and the time for doing so had passed, on February 10, 2014, the Court entered an order for Plaintiff to notify the Court regarding the status of the motion. [*Doc. 183*]. On February 14, 2014, Plaintiff filed an unopposed motion for leave to file a reply to the motion, stating that counsel for Plaintiff thought the reply had been filed, but it was not. [*Doc. 184*]. The Court granted the unopposed motion for leave to file a reply (*Doc. 185*), and Plaintiff filed a reply (*Doc. 186*) and an amended reply (*Doc. 188*), which appears to be identical to her original reply except that it includes deposition testimony as an exhibit. Having considered the motion,

response, amended reply, record of the case, and relevant law, the Court **FINDS** that the motion is not well-taken and should be **DENIED**.

In Plaintiff's motion, Plaintiff states that the parties scheduled a private mediation for November 11, 2013, at which EPNG's representative and counsel, and Mr. Curtis' counsel were present. [*Doc. 160* at 1]. Plaintiff contends that Mr. Curtis' absence at this private mediation "in effect deprived the mediation of an individual motivated to encourage settlement by a person facing potential individual liability." *Id.* at 2. Plaintiff states that, "[w]hile it is understood that Counsel for Mr. Curtis attempted to assert the presumed posture of Mr. Curtis, the failure of Curtis to attend left EPNG, in effect, in the drivers' seat during the mediation." *Id.* Plaintiff asks the Court to "fashion appropriate relief to address the failure of Malcolm Curtis to attend mediation." *Id.*

In response, Defendant Curtis states that "Plaintiff cites no Court Order, agreement between the parties, procedural rule, or published authority that required any of the parties to attend the mediation in-person." [*Doc. 172* at 1]. Defendant Curtis further states that "it is customary to expect individuals with full settlement authority to attend a private settlement conference . . . however, Plaintiff understood prior to the mediation that Mr. Curtis did not have any authority to discuss and enter a binding agreement to settle her claims," and that "Mr. Curtis did not have a steady job or personal residence and did not have personal assets at his disposal for tendering at the mediation." *Id.* at 2. In addition, Defendant Curtis states that "Plaintiff did not make Mr. Curtis' attendance a condition to engaging in the private mediation," and did not request that he attend or inquire if he would attend. *Id.* In EPNG's response, EPNG states that, following the failed private mediation, it continued to engage in negotiations with Plaintiff's

2

counsel, and that, "[a]t one point it seemed that Plaintiff and EPNG would reach a mutually agreeable settlement[ h]owever, on December 27, 2013, Plaintiff retracted her last offer and settlement negotiations ceased." [*Doc. 180* at 1]. EPNG states that it "does not believe that a second mediation will be at all fruitful in this case." *Id.* Counsel for both Mr. Curtis and EPNG ask the Court to award them their attorney fees for having to respond to Plaintiff's motion. [*Doc. 172* at 2] and [*Doc. 180* at 2].

In her reply, Plaintiff states that, pursuant to Local Rule 16.2, parties in every civil case must participate in a settlement conference with a judge unless otherwise ordered by the Court. [*Doc. 188* at 1]. Plaintiff contends that, even though the parties in this case stipulated to a private mediation, the Court's local rule still applies, and that rule requires at least two people to attend for every party -- the attorney trying the case and the party or designated representative with final settlement authority. *Id.*; *see also* D.N.M. LR-Civ. 16.2(c). Plaintiff contends that Mr. Curtis, therefore, should have attended the private mediation, and, contrary to his counsel's statement that Mr. Curtis does not have personal assets at his disposal for tendering at the mediation, Mr. Curtis was a named insured on an auto liability policy and the proceeds of that policy are a potential compensation source for Plaintiff. [*Doc. 188* at 1-2]. Plaintiff asks the Court to grant the relief requested in her motion to compel[1] and for sanctions against Mr. Curtis. *Id.* at 2.

The Court set a settlement conference in this case for November 5, 2013 (*Doc. 105*), and, on September 9, 2013, the parties filed a joint motion to vacate the settlement conference so that the parties could schedule a private mediation (*Doc. 117*). At a hearing on September 9, 2013 on a separate motion, the Court asked the parties about their joint motion to vacate the Court's settlement conference, and stated that it would rule on the joint motion to vacate the settlement

---

[1] Plaintiff erroneously refers to the instant motion as her "Motion to Enforce Settlement," in her "Conclusion" to her amended reply. [*Doc. 188* at 2].

3

conference when the parties notify the Court that they have another mediation set up with a private mediator because it would be difficult to reset the settlement conference due to the Court's busy docket if the plans for private mediation fell through. [*Doc. 118* at 2]. On October 9, 2013, the parties filed an amended joint motion to vacate the Court's settlement conference, stating that they had arranged a private mediation for November 11, 2013 (*Doc. 135*), and the Court granted the motion and vacated the Court's settlement conference (*Doc. 136*).

The Court provides this summary to show Plaintiff's agreement to set a private mediation in this case and to ask the Court to vacate the settlement conference it had set. Plaintiff provides no support for her contention that the Court's local rules regarding settlement conferences apply to private mediations, and the Court is unaware of any. The Court did not order the parties to attend a private mediation -- the parties asked the Court if they could do so. If Plaintiff intended the Court's local rules to apply to the parties' private mediation, Plaintiff could have taken steps to ensure that would be the case. However, as it stands, Mr. Curtis is not in violation of any Court order, so Plaintiff's request for sanctions will be denied. It is not clear whether Plaintiff is asking the Court to compel Mr. Curtis to participate in private mediation or a Court-ordered settlement conference pursuant to Local Rule 16.2. To the extent Plaintiff is asking the Court to compel his participation in private mediation, Plaintiff provides no support for such a request or for the Court's authority to do so, and the Court will deny the request. To the extent Plaintiff is asking the Court to compel Mr. Curtis' participation in a Court-ordered settlement conference, the Court finds that such a request is without merit because: (1) a settlement conference was set in this case and the parties jointly requested that it be vacated; (2) a settlement conference has not been reset in this case, and no party has asked the Court to do so; and (3) if a settlement conference is reset in

this case, Mr. Curtis would necessarily be required to attend per the Court's local rules. The Court, therefore, will deny Plaintiff's motion to compel Mr. Curtis' participation in either a private mediation or a Court-ordered settlement conference. If Plaintiff would like the Court to set a settlement conference, Plaintiff can file a motion asking the Court to do so, with a statement of whether such motion is opposed by the other parties in the case.

With regard to Defendants' requests for attorney fees incurred in responding to the motion, which Plaintiff did not address in her reply, the Court is tempted to grant these requests. However, the Court finds that Plaintiff's apparent confusion over whether the Court's local rules would apply to a private mediation provides a reasonable explanation of why Plaintiff filed her motion, so the Court finds that sanctions are not warranted and will deny Defendants' requests for attorney fees.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Compel Participation in Mediation by, or Alternatively, for Sanctions Against Defendant Malcolm Curtis (Doc. 160)* is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**