IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GERALDINE WILLIAMS,

    Plaintiff,

v.                                                                          No. 12-CV-716 MCA/LAM

MALCOLM CURTIS and

EL PASO NATURAL GAS CO., INC.

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant El Paso Natural Gas Co., Inc.'s (hereafter EPNG) *Motion and Memorandum for Summary Judgment on all of Plaintiff's claims Against El Paso Natural Gas Co., Inc*. [Doc. 150]  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court **GRANTS** the Motion.

**I.     BACKGROUND**

For purposes of this motion, the undisputed facts are as follows.[1]

---

[1] Though both Plaintiff and Mr. Curtis oppose EPNG's motion for summary judgment, neither disputes EPNG's statement of material facts. [Doc. 158; Doc. 164]  Plaintiff sets out additional facts, which neither Defendant expressly disputes.  [Doc. 158, pp. 2-3; Doc. 164; Doc. 181]  EPNG sets out additional facts in its reply brief [Doc. 181], which the Court will not consider.  *Beaird v. Seagate Tech. Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) (where additional materials are submitted with reply brief to summary judgment motion, the district court may either allow a surreply or refrain from relying on new material in reply brief).  Thus, the Court states the facts as set out in EPNG's *Motion for Summary Judgment* and Plaintiff's *Response to the Motion for Summary Judgment*.

Mr. Curtis, an EPNG employee, was driving an EPNG vehicle in Gallup, New Mexico on May 26, 2011 when he rear-ended Plaintiff's vehicle. [Doc. 158, MF 1-2; Doc. 171, p. 32:18-23]  At the time of the collision, Mr. Curtis had been released from work and was driving on his personal time. [Doc. 150, UMF 2]  Mr. Curtis was not performing any work for EPNG when the collision occurred. [Doc. 150, UMF 3]  On the day of the accident Mr. Curtis had worked at a job site near Gallup for EPNG. [Doc. 158, MF 8]  He worked an 11 hour day. [Doc. 158, MF 7]  He got off work and was going to get something to eat and then get a motel room. [Doc. 158, p. 7, 13:12-14]  He explained that he was going to stay in a motel because:

> I was looking at the safety aspect for myself and co-workers for the next day.  I had been asked to work on the pipeline project through the weekend, and with my experience, I know those pipeline projects to be long, hard days.  So rather to [*sic*] drive more than an hour to the location, I figured it would benefit me to get a motel room, being more rested and drive maybe 20 minutes to the location.

[Doc. 158, p. 7, 13:18-25]

Mr. Curtis was permitted by his employer to use the EPNG vehicle to commute to and from work. [Doc. 158, MF 3]  The lodging closest to his worksite the next day was in Gallup, New Mexico, which is why he chose to stay there, rather than drive to his home near Navajo, New Mexico. [Doc. 158, MF 8, 10]  On at least one prior occasion, EPNG had directed Plaintiff to work about 150 miles away from his usual "report location," the Window Rock station, and on that occasion EPNG permitted Mr. Curtis to stay in a local motel and paid for the motel and food. [Doc. 158, pp. 8-9, 19:6 to 20:13]

Nonetheless, the parties have submitted no evidence that on May 26, 2011 there was any such arrangement.  [*See* Doc. 158]

## II. ANALYSIS

"Under the doctrine of respondeat superior, an employer can be held vicariously liable for the negligent actions of an employee who is acting within the scope of his employment." *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 168 P.3d 155, 160 (Ct. App. N.M. 2007), *cert. quashed,* 180 P.3d 674.  Generally, whether an employee was acting in the course and scope of his employment "is a question of fact for the jury," however, "when no facts are in dispute and the undisputed facts lend themselves to only one conclusion, the issue may properly be decided as a matter of law."  *Oveka v. Burlington N. Santa Fe Rwy Co.*, 194 P.3d 728, 732 (Ct. App. N.M. 2008), *cert. quashed* 214 P.3d 793.

New Mexico considers many factors in determining whether an employee is in the course and scope of his employment.  *See Lessard*, 168 P.3d at 160.

> Among the many factors to be taken into consideration in cases of this type may be mentioned the following: The nature of the employment; the right of control over an employee by his employer; the ownership of the instrumentality by means of which the employee inflicted the injury, and the fact of whether the instrumentality was or was not furnished to the employee by the employer; the use of the instrumentality with the knowledge and consent of the employer, and whether the employee had the express or implied authority to make use of such instrumentality; and the time when the wrongful act was done in relation to the usual working time of the employee.

*Bolt v. Davis,* 374 P.2d 648, 658 (N.M. 1962).  As set forth in the New Mexico Uniform Jury instructions:

3

> An act of an employee is within the scope of employment if:
> 1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and
> 2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

UJI 13-407 NMRA.  Ultimately:

> An employee's action, although unauthorized, is considered to be in the scope of employment if the action (1) is the kind the employee is employed to perform; (2) occurs during a period reasonably connected to the authorized employment period; (3) occurs in an area reasonably close to the authorized area; and (4) is actuated, at least in part, by a purpose to serve the employer.

*Lessard*, 168 P.3d at 160 (internal quotation marks and citation omitted).  Despite these variously stated tests, "[i]t is well settled in New Mexico that employers are not responsible for an employee's negligence in operating a motor vehicle enroute to or from work absent additional circumstances evidencing control by the employer at the time of the negligent act by the employee." *Zamora v. Foster,* 500 P.2d 1001, 1002 (Ct.App. 1972).

New Mexico Courts have granted summary judgment in a variety of cases in which an employee was traveling to or from work.  *See, e.g., Lessard*, 168 P.3d at 162-63 (granting summary judgment for employer where employee was driving third party's vehicle, accident occurred as he was "just getting off work" on his direct route home because employee's act of driving home was a purely external, independent and personal motive (internal quotation marks omitted)); *Zamora*, 500 P.2d at 1002-03 (granting summary judgment for employer where employee was, in his personal vehicle, traveling

4

home by direct route after he got off of work and the accident occurred two miles or less from employer's location); *Richardson v. Glass*, 835 P.2d 835, 837-38 (N.M. 1992) (granting summary judgment for employer because employee was not in the scope of his employment where uncontroverted facts were that employee was returning from his home to his place of work on his lunch break in his personal vehicle).  Indeed, the Court found no New Mexico case involving an employee coming to or going from work in which the Court declined to grant summary judgment on the issue of employer liability. The reported case most factually similar to the case at hand is *Benham v. All Seasons Child Care, Inc.*, 686 P.2d 978, 980 (N.M. Ct. App. 1984), in which the New Mexico Court of Appeals determined that an employee was not acting in the course and scope of her employment when she was in an automobile collision while using the company van with permission driving to church after first going home from work.  In reaching its conclusion, the Court relied on the facts that the employee was not going to or from work, was "on a personal mission," and the employer was not exercising any control over the employee.  *Id.*

Here, Mr. Curtis was "on a personal mission" to obtain food and lodging for the evening.  *Id.*  He was released from work for the day, was not engaged in the EPNG's business, and EPNG was not exercising control over Mr. Curtis at the time of the accident.  Thus, even in light of the fact that Mr. Curtis was driving an EPNG vehicle, under the applicable law, "no jury could reasonably infer that [Mr. Curtis] was acting within the scope of his employment" at the time of the collision.  *Oveka*, 194 P.3d at 734; *see also Benham*, 686 P.2d at 980.

As to Plaintiff's argument that Mr. Curtis was furthering the interests of his employer by staying in Gallup so as to be refreshed for work the next day [Doc. 158 pp. 3-4], New Mexico courts have rejected similar arguments. For example, in *Zamora*, the Court rejected the argument that an employee traveling to and from work was "reasonably necessary to the efficiency" of the employer's operation, and thus, *respondeat superior* should apply. *Zamora*, 500 P.2d at 1003. In *Lessard*, where the employee was off of work for the day, the Court was not persuaded that the employer was liable even though the employee was required to use his own vehicle to travel from job site to job site, and the employer provided the employee with a cell phone but there was no evidence that the employee was on call or otherwise furthering the employer's business at the time of the collision. *Lessard*, 168 P.3d at 162-63. Here, as in *Lessard* and *Zamora*, neither Plaintiff nor Mr. Curtis have presented facts to the Court which warrant departure from the general rule that an employer is not liable for the accident of his employee if the employee is traveling to or from work. *Zamora*, 500 P.2d at 1002. Accordingly, Plaintiff's claim against EPNG must be dismissed.

### III. CONCLUSION

There are no genuine issues of material fact, and Defendant El Paso Natural Gas is entitled to judgment as a matter of law.

**IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED** that *Defendant El Paso Natural Gas Co., Inc.'s Motion and Memorandum for Summary Judgment on all of Plaintiff's Claims against El Paso Natural Gas Co., Inc.* is **GRANTED**. [Doc. 150]

**IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant El Paso Natural Gas Co., Inc. is not liable for Plaintiff's claims and Plaintiff's claims against Defendant El Paso Natural Gas Co., Inc. are hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED** this 20th day of August, 2014 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court